```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA            :    PROTECTIVE ORDER

        - v. -                      :    21 Cr. 138 (LGS)

JIMMY GALE WATSON Jr.,              :

                Defendant.          :

- - - - - - - - - - - - - - - - - - x
```

On the motion of the United States of America, by the United States Attorney for the Southern District of New York, Audrey Strauss, by Assistant United States Attorneys Samson Enzer and Elizabeth Hanft; and with the consent of the defendant, by and through his counsel; and for good cause shown:

IT IS HEREBY ORDERED THAT:

1. Discovery material, including that produced pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, *Brady v. Maryland*, and/or *United States v. Giglio*, and their progeny, disclosed or produced by the Government in this action (collectively, "Discovery Material") that, among other things, (i) contains personally identifiable information, including tax information, account numbers, Social Security numbers, dates of birth, home addresses, names of minors, personal email addresses, and/or personal telephone numbers, and other financial information; (ii) contains information related to medical or mental health issues or evaluation, including that potentially

protected by the Health Insurance Portability and Accountability Act; (iii) was obtained from electronic devices or accounts belonging to third-parties; (iv) affects the privacy, confidentiality, and business interests of individuals and entities; and/or (v) would risk prejudicial pretrial publicity if publicly disseminated, may be designated by the Government in whole or in part as "Confidential Information."

    2. Confidential Information disclosed or produced to the defendant or to his counsel, whether in paper or electronic form, during the course of proceedings in this action, which will be so identified either by stamping the documents or disc containing such information or in transmittal correspondence or an index accompanying such disclosure or production:

    a. shall be used by the defendant, his counsel, or Designated Persons to whom Confidential Information is described or disclosed pursuant to paragraph 2(f) below only for purposes of defending this action;

    b. shall be kept in the sole possession of the defendant, his counsel, or Designated Persons to whom Confidential Information is described or disclosed pursuant to paragraph 2(f) below;

    c. shall be maintained by the defendant, his counsel, and Designated Persons in such a manner as to assure its security and confidentiality;

   d. shall not be copied or recorded by the defendant other than for purposes of defending this action and with written notice to his counsel;

   e. shall not be described or disclosed in any form by the defendant or his counsel except as set forth in paragraph 2(f) below;

   f. may only be described or disclosed by the defendant or his counsel to the following persons (hereinafter, collectively, "Designated Persons"):

    i. investigative, legal, secretarial, clerical, or paralegal personnel engaged by, or otherwise acting at the direction of, the defendant's counsel in this action;

    ii. expert witnesses or investigators retained by the defendant or on his behalf in connection with defending this action; or

    iii. such other persons as hereafter may be authorized by the Court upon written motion by the defendant, after conferring with the Government; and

   g. shall be either (i) returned to the Government following the conclusion of this action, including any appeals, together with any and all copies thereof, or (ii) securely destroyed together with any and all copies thereof, with the

defendant's counsel verifying in writing to the Government that such destruction has taken place.

3. Discovery Material that contains other law enforcement sensitive information, including that identifying or describing witnesses or subjects, may be designated by the Government as "Sensitive Information."

4. Sensitive Information disclosed or produced to the defendant or to his counsel, whether in paper or electronic form, during the course of proceedings in this action, which will be so identified either by stamping the documents or disc containing such information or in transmittal correspondence or an index accompanying such disclosure or production:

    a. shall be used by the defendant, his counsel, or Designated Persons to whom Sensitive Information is described or disclosed pursuant to paragraph 4(d) below only for purposes of defending this action;

    b. shall be kept in the sole possession of the defendant's counsel;

    c. shall be maintained by the defendant's counsel in such a manner as to assure its security and confidentiality;

    d. may only be described or disclosed by the defendant or his counsel to Designated Persons;

    e. shall not be reviewed by the defendant or Designated Persons outside the presence of the defendant's

counsel;

    f. shall not be maintained, copied, photographed, or otherwise recorded by the defendant or Designated Persons; and

    g. shall be either (i) returned to the Government following the conclusion of this action, including any appeals, together with any and all copies thereof, or (ii) securely destroyed together with any and all copies thereof, with the defendant's counsel verifying in writing to the Government that such destruction has taken place.

5. Certain other Discovery Material may be designated by the Government as "For Counsel's Eyes Only Information."

6. For Counsel's Eyes Only Information disclosed or produced to counsel, whether in paper or electronic form, during the course of proceedings in this action, which will be so identified either by stamping the documents or disc containing such information or in transmittal correspondence or an index accompanying such disclosure or production:

    a. shall be used by counsel or Designated Persons to whom For Counsel's Eyes Only Information is described or disclosed pursuant to paragraph 6(d) below only for purposes of defending this action;

    b. shall be kept in the sole possession of the defendant's counsel;

    c. shall be maintained by the defendant's counsel in

such a manner as to assure its security and confidentiality;

      d.    shall not be reviewed by the defendant or anyone other than counsel or Designated Persons, and may only be described or disclosed by counsel to Designated Persons;

      e.    shall not be maintained, copied, photographed, or otherwise recorded by Designated Persons; and

      f.    shall be either (i) returned to the Government following the conclusion of this action, including any appeals, together with any and all copies thereof, or (ii) securely destroyed together with any and all copies thereof, with the defendant's counsel verifying in writing to the Government that such destruction has taken place.

      7.    The defendant's counsel shall provide a copy of this Order to Designated Persons to whom Confidential, Sensitive, or For Counsel's Eyes Only Information is intended to be described or disclosed pursuant to paragraphs 2(f), 4(d), or 6(d) above, prior to such description or disclosure. If any such Designated Person does not agree in writing to the provisions of this Order, Confidential, Sensitive, or For Counsel's Eyes Only Information may not be described or disclosed to such Designated Person. Any Designated Person who receives or reviews Confidential, Sensitive, or For Counsel's Eyes Only Information shall be subject to the terms of this Order.

8. The Government may de-designate Confidential, Sensitive, or For Counsel's Eyes Only Information, in whole or in part, at the request of the defendant or otherwise. Public filing by the Government of Confidential, Sensitive, or For Counsel's Eyes Only Information shall constitute de-designation with respect to only those portions of such material that are publicly filed, absent a contrary Order of the Court.

9. The provisions of this Order shall not be construed as preventing the disclosure or use by the defendant or his counsel of any information in any motion, hearing, trial, sentencing, or other proceeding held in this action or to any judge or magistrate of this Court for purposes of defending this action, to the extent that (a) personally identifiable or otherwise sensitive information is redacted in a public filing as required by the rules governing publicly-filed documents in this district and Federal Rule of Criminal Procedure 49.1, and (b) with respect to any document designated as containing Confidential, Sensitive, or For Counsel's Eyes Only Information that the defendant or his counsel intends to file publicly or to specifically describe or excerpt in a public filing, the defendant's counsel must either (i) file the document under seal, or (ii) provide reasonable notice to the Government to permit the parties to confer on the proper redaction, if any, of the publicly-filed version of the document. If the parties are unable to reach agreement as to

whether redactions to the public filing are warranted, or the extent of such redactions, the parties will seek Court resolution before the document is publicly filed or specifically described or excerpted in a public filing.

10.  The terms of this Order, other than the requirement to comply with Federal Rule of Criminal Procedure 49.1 and the rules governing publicly-filed documents in this district, do not apply to any material or information that is lawfully obtained by the defendant or his counsel independently of the Government's production, even if it is also contained in the Government's production, except that the defendant or his counsel may not publicly identify or disseminate the names or photographs of alleged victims or witnesses in this action absent order of the Court.

11.  Any disputes regarding the designation of Discovery Material, or any other dispute concerning this Order, which cannot be resolved among the parties after conferring, will be brought to the Court for a ruling before any public disclosure not permitted by this Order is made.

12. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of this action.

13. This Order may be signed in counterparts and transmitted by facsimile and/or electronic copy, each of which counterparts will be deemed to be an original and which taken together will constitute the Order.

Dated:   New York, New York
         March 19, 2021

AGREED AND CONSENTED TO:

                              AUDREY STRAUSS
                              UNITED STATES ATTORNEY

                       By:    ___/s/_____
                              Samson Enzer
                              Elizabeth Hanft

                              _____
                              Arnold Spencer, Esq.
                              Counsel for Jimmy Gale Watson Jr.

SO ORDERED:

Dated: March 30, 2021
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**