

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 2, 2021

**BY ECF AND EMAIL**
Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:  *United States* v. *John D. McAfee and Jimmy G. Watson Jr.*, **21 Cr. 138 (LGS)**

Dear Judge Schofield:

In this criminal commodities fraud, securities fraud, wire fraud, and money laundering conspiracy prosecution, the Office of the United States Attorney for the Southern District of New York (this "Office") respectfully submits this letter, with the consent of defendant Jimmy Gale Watson Jr. through his counsel, to jointly request on behalf of this Office and Watson that the Court grant a further extension of the case management deadlines set forth in the Court's June 15, 2021 scheduling order (Dkt. 30), as set forth below.[1]  Watson and this Office are currently engaged in discussions about potential resolutions of the criminal charges against Watson, and as part of those discussions, Watson and his counsel are in the process of preparing a detailed written submission to this Office seeking a particular disposition for this Office's consideration.  The requested enlargement of the schedule is necessary to give the parties sufficient time to explore such discussions, which (if successful) would resolve Watson's case without a contested trial.

For these reasons, this Office and Watson through his counsel jointly request that the Court extend the deadlines set forth in the Court's June 15 order (Dkt. 30), as follows:

Rule 16 Discovery:  With respect to materials discoverable under Federal Rule of Criminal Procedure 16(a) that are currently in this Office's possession, custody or control, this Office will produce such materials to defendant Watson's counsel by Friday December 17, 2021.[2]  Watson and his counsel will produce to this Office by Friday January 14, 2022 any materials discoverable

---

[1]  As noted in the submission filed by this Office on June 24, 2021 (Dkt. 31), Watson's co-defendant, John David McAfee, was reportedly found dead in his jail cell in Spain while awaiting a hearing on this Office's request to extradite him to the Southern District of New York for prosecution.  This Office has requested, and is still waiting for, Spain to provide a certificate of death or other proof of McAfee's death, and information about the cause of his death.

[2]  With respect to materials required to be disclosed pursuant to *Brady* v. *Maryland*, 373 U.S. 83 (1963) and its progeny ("*Brady* materials") other than purely impeachment materials governed by *Giglio* v. *United States*, 405 U.S. 150 (1972) and its progeny ("*Giglio* materials"), this Office plans to include any *Brady* materials known to (and in the possession, custody or control of) this Office in the Rule 16 discovery materials that this Office will produce to Watson by December 17, 2021.

under Rule 16(b) that are in currently in their possession, custody or control.  To the extent that any of the parties later discovers additional materials that are discoverable under Rule 16, that party will promptly produce the additional materials to the other parties in this case.

Rule 12(b)(3) Motions:  Watson will file any pretrial motions under Rule 12(b)(3) by Friday January 28, 2022.  This Office will respond by Friday February 25, 2022.  Watson will file any replies by Friday March 11, 2022.

Status Conference:  The parties request a status conference during the week of March 14, 2022.

This Office and Watson expect that a schedule for any jury trial and related petrial submissions and disclosures (including any pretrial expert disclosures, Federal Rule of Evidence 404(b)(3) notices, exchanges of trial exhibits, witness disclosures, *in limine* motions, requests to charge, and proposed voire dire instructions) will be set at or after the status conference.

The Office also respectfully requests, with the consent of Watson through his counsel, that the Court exclude time under the Speedy Trial Act through the date set for the status conference pursuant to 18 U.S.C. § 3161(h)(7), in the interests of justice, to give Watson's counsel sufficient time to engage with this Office in discussions regarding potential pretrial resolutions of Watson's case.  The parties respectfully submit that the ends of justice served by the granting of the requested continuance outweigh the interests of the public and defendant Watson in a speedy trial.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney
Southern District of New York

by:    /s
Samson Enzer / Elizabeth Hanft / Kiersten Fletcher
Assistant United States Attorneys
212-637-2342 / -2334 / -2238

cc:  Arnold A. Spencer, Esq.
    *Counsel for Defendant Jimmy G. Watson Jr.*

Application Granted. The Government shall produce any Rule 16 discovery by **December 17, 2021**.  Defendant Watson shall produce any Rule 16 discovery by **January 14, 2022**.  Defendant Watson's motion(s), if any, shall be filed by **January 28, 2022**.  The Government's response, if any, shall be filed by **February 25, 2022**.  Defendant's reply, if any, shall be filed by **March 11, 2022**.  The status conference currently scheduled for December 2, 2021, is adjourned to **March 17, 2022, at 11:00 a.m**.  For the reasons stated above, the Court finds that the ends of justice served by excluding the time between today and March 17, 2022, outweigh the best interests of the public and the defendant in a speedy trial as provided in 18 U.S.C. 3161(h)(7)(A).  It is hereby ORDERED that the time between today and March 17, 2022, is excluded.  The Clerk of the Court is directed to terminate the letter motion at docket number 32.

Dated: September 3, 2021
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE